Electronically Submitted
3/6/2023 6:03 PM
Gregg County District Clerk
By: Debbie Kinney, deputy

CAUSE NO. 2023-409-CCL2 _____

| | | |
|---|---|---|
| DARIUSZ PAWLOWSKI, | § § § | IN THE ~~DISTRICT COURT~~ |
| Plaintiff, | § | COUNTY COURT AT LAW 2 |
| vs. | § § | \_\_\_\_ ~~JUDICIAL DISTRICT~~ |
| ALLSTATE TEXAS LLOYD'S, | § § | |
| and | § § | |
| ALLSTATE INDEMNITY COMPANY, | § § | |
| Defendants. | § | GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

DARIUSZ PAWLOWSKI, Plaintiff herein, files this Original Petition against Defendants, ALLSTATE TEXAS LLOYD'S and ALLSTATE INDEMNITY COMPANY, (collectively "**Defendants**") and, in support of his causes of action, would respectfully show the Court the following:

### I. PARTIES

1.  Plaintiff, DARIUSZ PAWLOWSKI ("**Mr. Pawlowski**"), owns the dwellings made the basis of this suit located at: 607 Montreal Dr., Longview, Texas 75601-4957 (the "**First Property**") and 609 Montreal Dr., Longview, Texas 75601-4957 in Gregg County, Texas (the "**Second Property**") (the "**Properties**").

2.  Defendant, ALLSTATE TEXAS LLOYD'S ("**Allstate Texas**") is a domestic entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service is requested by private process server at this time.

3.  Defendant, ALLSTATE INDEMNITY COMPANY ("**Allstate Indemnity**") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by

EXHIBIT B-1

serving its Registered Agent for Service of Process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service is requested by private process server at this time.

## II. DISCOVERY

4.　Plaintiff intends to conduct discovery under a Level 3 control plan pursuant to the Texas Rules of Civil Procedure.

## III. CLAIM FOR RELIEF

5.　At this time, Plaintiff cannot assess accurately a definite limit to the damages he has sustained, or will sustain in the future, as a result of Defendants' acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what he may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $250,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on his damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages he seeks pursuant to Tex. R. Civ. P. 47(c), he desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV. JURISDICTION AND VENUE

6.　This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

EXHIBIT B-1

7. Venue is proper in Gregg County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8. Plaintiff ("Mr. Pawlowski") entered into agreements with Defendants to pay Defendants premiums in exchange for insurance coverage protecting Plaintiff's Properties.

9. The agreement covering the property at 607 Montreal Dr., Longview, Texas 75601-4957 was drafted by Allstate Texas and assigned Policy Number 929 632 730 (the "**First Policy**"). The agreement covering the property at 609 Montreal Dr., Longview, Texas 75601-4957 was drafted by Allstate Indemnity and assigned Policy Number 916 594 358 (the "**Second Policy**") (collectively the "**Policies**").

10. The First Policy's effective date was from January 22, 2021 through January 22, 2022 (referred to as the "**First Policy Period**"). The Second Policy's effective date was from December 29, 2020 through December 29, 2021 (referred to as the "**Second Policy Period**") (collectively the "**Policy Periods**").

11. Coverage under the Policies covers physical loss to the dwellings at the Properties as the result of a covered loss.

12. During the Policy Periods the Properties, which is a duplex building under one roof, were damaged by a severe freeze that resulted in interior water damage throughout the dwellings at the Properties as the result of storm created openings.

13. Water entered through the storm created openings which caused interior damage such as water bubbles behind paint, holes and fractures to the ceilings and the walls, wet carpet, damage to windows, and more.

14. Plaintiff subsequently filed claims under the Policies.

15. Allstate Texas assigned the claim for the Property at 607 Montreal Dr., Longview, Texas 75601-4957, claim number 0616093456 (referred to as the "**First Claim**"). Allstate Indemnity

assigned the claim for the Property at 609 Montreal Dr., Longview, Texas 75601-4957, claim number 0616199302 (referred to as the "**Second Claim**") (collectively the "**Claims**").

A.  **Investigations, Reports, and Denial**

16. Based on information and belief, Defendants assigned the Claims to their same adjuster Tashuni Hood ("Hood").

17. On or about March 4, 2021 Hood visited the Properties.

18. Hood looked at the dwellings at the Properties and while at the Properties Defendants' adjuster saw extensive interior water damage present throughout the dwellings.

19. Based on information and belief Hood saw interior water damage to areas beneath windows and not adjacent to the roof, damage to windows themselves, damage to stairs, damage to the interior carpet, and more.

20. Despite seeing firsthand the interior water damage to the dwelling at the First Property, Allstate Texas sent a denial letter to Mr. Pawlowski soon after Hood's brief visit stating the damage at the First Property is not covered under the First Policy.

21. Allstate Texas claimed the damage at the First Property was a result ice damming to the roof and that no water entered through a storm created opening.

22. But Allstate Texas and its adjuster Hood did not properly search for storm created openings or explain how Allstate Texas was able to rule out storm created openings as the cause of damage to the First Property.

23. Allstate Texas simply claimed in its letter that there was no storm created openings for water to enter through despite obvious evidence to the contrary that, at a minimum, tends to prove water entered through other openings and not from the roof.

24. For example, Allstate Texas and its Adjuster Hood failed to take into account obvious interior damage to the windows and the interior water damage directly below the windows that were not close to the roof which Allstate Texas stated was the source of all interior water damage.

25. Allstate Texas did not provide any explanation for how Allstate Texas was able to exclude other storm created openings as the cause of the interior damage to and around windows.

26. Despite the obvious evidence that tends to prove Mr. Pawlowski's First Claim is covered Allstate Texas maintained that all interior water damage was not the result of a storm created opening.

27. Based on this cursory investigation Allstate Texas denied Mr. Pawlowski's First Claim.

28. Similarly, Hood looked at the dwelling at 609 Montreal Dr., Longview, Texas 75601-4957 and found damage from the freeze.

29. Hood again acknowledged damage to the dwelling at the Second Property as the result of the severe freeze but, like the First Claim, denied payment on Mr. Pawlowski's Second Claim due to Hood's failure to fully investigate the damage to the Properties.

30. Allstate Indemnity failed to include all of the obvious damages to the Second Property covered under the Second Policy and as a result severely underestimated Mr. Pawlowski's covered damages.

31. Allstate Indemnity sent a letter to Mr. Pawlowski on March 13, 2021 which again declined payment on Mr. Pawlowski's Second Claim for covered damages due to Allstate Indemnity's failure to properly evalute all covered damages.

32. To date, Defendants have not paid Mr. Pawlowski the value of his Claims under his Policies with Defendants. As a result, Mr. Pawlowski has incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendants' failure to pay the amount owed on the Claims. For example, the costs of repair have increased substantially since Defendants' failure to pay the Claims.

33. Defendants and their adjusters assigned to the Claims failed to perform a proper inspection and as a result prepared estimates that failed to include all of the covered damage sustained at the Properties and undervalued the damage observed during the inspection.

34. Moreover, Defendants and their adjusters performed an outcome-oriented investigation of Mr. Pawlowski's Claims, which resulted in a biased, unfair, and inequitable evaluation of Mr. Pawlowski's losses for the covered Properties.

**B.  Policy Compliance**

35. Mr. Pawlowski fully complied with all requirements under the Policies to properly notify Defendants of the loss to his covered Properties.

**C.  Inability to Comply with Chapter 542A of Texas Insurance Code**

36. Mr. Pawlowski must now file suit to preserve his claims against Defendants but is unable to comply with Chapter 542A of the Texas Insurance Code and provide Defendants a 61 days pre-suit notice.

37. Under the law insureds alleging extra-contractual claims, such as bad faith claims, on a breach of contract cause of action must bring any action against Defendants within two years of the date of first decision.

38. Due to Defendants' improper handling of the Claims Mr. Pawlowski, based on information and belief, was not aware that his Claims had either been denied on an alleged lack of coverage or denied for lack of damages.

39. As a result Mr. Pawlowski attempted to work with Defendants for an extended period of time in an effort to resolve the dispute on his two Claims.

40. Unfortunately, Defendants' failure to properly communicate their decisions to deny payment of the Claims caused Mr. Pawlowski to hesitate to contact the undersigned attorneys more than 61 days before the date the statute of limitations likely runs.[1]

41. Therefore, Mr. Pawlowski has a reasonable basis to believe there is insufficient time to provide Defendants with the pre-suit notice before the limitations period will expire.

---

[1] Mr. Pawlowski executed his attorney-client contract with the undersigned attorneys on January 27, 2023 leaving less than 60 days before March 8, 2023, the date of Defendants' first decision letter.

**EXHIBIT B-1**

## VI. CAUSES OF ACTION

### A. Breach of Contract

42. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 through 41 of this Petition.

43. Defendants entered into the Policies with Mr. Pawlowski.

44. Mr. Pawlowski's Properties sustained damage during the Policy Periods as a result of a covered cause of loss.

45. Defendants have breached the terms of the Policies by wrongfully denying portions of the Claims while underpaying covered damages instead of paying the full benefits owed to Mr. Pawlowski under the Policies for covered losses to the Properties.

46. As a result of Defendants' breach of the Policies, Mr. Pawlowski has sustained: (1) actual damages, (2) consequential damages (related to increased costs of construction and other related consequential damages), and (3) incurred reasonable and necessary attorney's fees to date.

### B. Insurance Code Violations

47. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 through 46 of this Petition.

<u>Prompt Payment of Claims Statute</u>

48. As set forth above, Plaintiff was insured under the Policy during the Policy Period.

49. During the Policy Period a severe freeze swept through Gregg County, Texas and damaged Mr. Pawlowski's Properties.

50. As a result, Mr. Pawlowski gave proper notice of the two Claims under the Policies to Defendants.

51. Defendants are under an obligation to promptly pay Mr. Pawlowski's Claims.

52. Defendants have delayed payment of Mr. Pawlowski Claims for a time exceeding the period specified by statute by underpaying damages covered under the Policies and wrongfully

denying damages clearly covered under the Policies. Defendants have yet to pay any amount on Mr. Pawlowski's Claims.

53. Defendants failed to pay the full claim amount and delayed the payment on covered damage to the Properties.

54. To date, Defendants have not tendered payment for all of Mr. Pawlowski's damages arising out of his insurance Claims with Defendants.

55. The failure of Defendants to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

56. As a result of the insurance code violations listed above, Mr. Pawlowski, in addition to Mr. Pawlowski's claim for damages, is entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

### 541 Insurance Code Violations

57. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

58. Defendants violated § 541.051 of the Texas Insurance Code by misrepresenting the terms and benefits of coverage:

   a. When Allstate Texas stated the damage at the First Property is not covered under the First Policy when there was obvious signs of multiple storm created openings that did not exist prior to the severe freeze that caused the loss; and

   b. When Allstate Indemnity stated that the damage to the Second Property did not rise above the deductible under the Second Policy and that payment was not due to Mr. Pawlowski.

### Violation of § 541.060(a)(1):

59. Defendants violated § 541.060(a)(1) by misrepresenting to Mr. Pawlowski a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property.

60. Specifically, Defendants have each misrepresented the following:

   a. Allstate Texas misrepresented that the roofing system at the First Property did not have a storm created opening when there was obvious evidence that the recent severe

freeze that swept through Gregg County created numerous new openings for water to enter;

b. Allstate Texas misrepresented that there were no storm created openings to the First Property including, but not limited to, the windows where water was entering through new openings as a result of the severe freeze;

c. Allstate Indemnity misrepresented that all of the damages to the Second Property did not rise above the deductible and that no payment was owed under the Second Policy; and

d. Allstate Texas misrepresented that all of the damage to the First Property was caused by ice damming and not covered under the First Policy.

61. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Mr. Pawlowski damages.

*Violation of § 541.060(a)(2):*

62. Defendants violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims as Defendants' liability had become reasonably clear that the covered damage caused substantial damage to Mr. Pawlowski's Properties.

63. Defendants have failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

a. Making their respective misrepresentations listed at paragraph 60;

b. Failing to properly investigate the roof damages to the Properties;

c. Failing to record the obvious evidence of covered damage across all of the First Property and Second Property;

d. Failing to properly investigate the interior damages at the Properties and the source of all interior damage despite evidence that tends to prove the damages were at a minimum not all the result of roof leaks alone and that other storm created openings were the more likely cause of damage;

e. Misrepresenting to Mr. Pawlowski that the interior damage was not due to rain and water entering the Properties from a storm created opening;

f. Failing to write an estimate that included obvious covered damage under the Polices to the roofs and leaving out essential material required to properly repair and replace

EXHIBIT B-1

Mr. Pawlowski' Properties; and

g. Using an adjuster in an effort to solely deny Mr. Pawlowski's Claims, despite clear evidence of covered damage to the contrary.

64. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Mr. Pawlowski damages.

*Violation of § 541.060(a)(3):*

65. Defendants violated § 541.060(a)(3) by failing to promptly provide Mr. Pawlowski a reasonable explanation of the basis in the Policies, in relation to the facts or applicable law, for Defendants' denial of the Claims or offer of a compromise settlement of the Claims.

66. Defendants have failed to promptly provide Mr. Pawlowski a reasonable explanation of the basis for Defendants' denial of the Claims. Allstate Texas' letter dated March 8, 2021 regarding the First Claim and Allstate Indemnity's March 13, 2021 letter regarding the Second Claim were based solely on their adjuster Hood's outcome-oriented investigation. Defendants failed to explain how the majority of the storm damages across the roof and to the interior of the Properties were not covered and included in calculating the amount of loss when determining coverage.

67. Defendants also failed to explain how all interior water damages were not covered despite admitting to the same freeze being the cause of interior water damage to the Second Property. Defendants further failed to explain how Defendants were able to link all interior damages to leaks from the roof when there was obvious evidence that the water had entered from other storm created openings.

68. Defendants merely based their decision on their adjuster Hood's unreasonable and baseless estimates and investigation that failed to consider all of the damage to the Properties.

EXHIBIT B-1

69. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Mr. Pawlowski damages.

*Violation of § 541.060(a)(7):*

70. Defendants violated § 541.060(a)(7) by refusing to pay Mr. Pawlowski's Claims without conducting a reasonable investigation with respect to the Claims.

71. Defendants have refused to pay Mr. Pawlowski's Claims without conducting a reasonable investigation by:

   a. Making their respective misrepresentations listed at paragraph 60;

   b. Failing to properly investigate the roof damages to the Properties;

   c. Failing to record the obvious evidence of covered damage across all of the First Property and Second Property;

   d. Failing to properly investigate the interior damages at the Properties and the source of all interior damage despite evidence that tends to prove the damages were at a minimum not all the result of roof leaks alone and that other storm created openings were the more likely cause of damage;

   e. Misrepresenting to Mr. Pawlowski that the interior damage was not due to rain and water entering the Properties from a storm created opening;

   f. Failing to write an estimate that included obvious covered damage under the Polices to the roofs and leaving out essential material required to properly repair and replace Mr. Pawlowski' Properties; and

   g. Using an adjuster in an effort to solely deny Mr. Pawlowski's Claims, despite clear evidence of covered damage to the contrary.

72. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Mr. Pawlowski damages.

73. Defendants have violated § 541.061 by making untrue statements of material fact when Defendants stated that all of the damage were the result of ice damming to the roof and that there

EXHIBIT B-1

was no evidence of storm create openings and that not all damages were payable under the Polices.

**C.   DTPA Violations**

74.   Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 through 73 of this Petition.

75.   At all material times hereto, Mr. Pawlowski was a consumer who purchased insurance products and services from Defendants.

76.   Defendants are a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

77.   Defendants have violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendants took advantage of Mr. Pawlowski's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

78.   Specifically, Defendants ignored evidence that tends to prove interior water damage was not solely from roof leaks/ice damming and failed to fully investigate the source of the interior damage. Instead, Defendants grouped all of the damage to the First Property together and asserted all interior water damage was not from a storm created opening. Defendants further failed to include all of the covered storm damage to the First Property and Second Property in their coverage decision based on Hood's improper inspections and conclusions. As a result Defendants wrongfully indicated to Mr. Pawlowski, who has no knowledge of the reasonable and necessary costs to return damaged property back to its pre-loss condition, that the damages at the Properties were not payable under the Policies.

EXHIBIT B-1

79. Upon information and belief, Defendants knowingly committed the acts complained of. As such, Mr. Pawlowski is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D. Breach of The Duty of Good Faith and Fair Dealing**

80. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 through 79 of this Petition.

81. Mr. Pawlowski and Defendants entered into valid and enforceable insurance Policies.

82. Defendants owed Mr. Pawlowski the common law duty of good faith and fair dealing.

83. Defendants breached the common law duty of good faith and fair dealing by wrongfully denying portions of the Claims, underpaying the Claims, and delaying payment on the Claims when Defendants knew or should have known liability was reasonably clear.

84. Specifically, Defendants have breached the common law duty of good faith and fair dealing owed to Plaintiff by:

   a. Making their respective misrepresentations listed at paragraph 60;

   b. Failing to properly investigate the roof damages to the Properties;

   c. Failing to record the obvious evidence of covered damage across all of the First Property and Second Property;

   d. Failing to properly investigate the interior damages at the Properties and the source of all interior damage despite evidence that tends to prove the damages were at a minimum not all the result of roof leaks alone and that other storm created openings were the more likely cause of damage;

   e. Misrepresenting to Mr. Pawlowski that the interior damage was not due to rain and water entering the Properties from a storm created opening;

   f. Failing to write an estimate that included obvious covered damage under the Polices to the roofs and leaving out essential material required to properly repair and replace Mr. Pawlowski' Properties; and

   g. Using an adjuster in an effort to solely deny Mr. Pawlowski's Claims, despite clear evidence of covered damage to the contrary.

85. Upon information and belief, Defendants' actions were performed without due regard or care for the Claims process and were done intentionally or with gross negligence.

86. Defendants were aware at all times that their actions would result in the denial or underpayment of Mr. Pawlowski's Claims, and cause mental anguish and thus extraordinary harm associated with Mr. Pawlowski's Claims.

87. As a result of Defendant's acts and omissions, Mr. Pawlowski sustained actual damages.

## VII.  ATTORNEY'S FEES

88. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 through 87 of this Petition.

89. Mr. Pawlowski engaged the undersigned attorneys to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

90. Mr. Pawlowski is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Mr. Pawlowski is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the Claims were presented.

91. Mr. Pawlowski further prays that he be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

92. Mr. Pawlowski further prays he be awarded all reasonable and necessary attorney's fees incurred in prosecuting Mr. Pawlowski's DTPA causes of action above pursuant to § 17.50(d).

## VIII.  CONDITIONS PRECEDENT

93. All conditions precedent to Mr. Pawlowski's right to recover have been fully performed or have been waived by Defendants.

## IX.  DEMAND FOR JURY

**EXHIBIT B-1**

94. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X.   DISCOVERY REQUESTS

95. Pursuant to Rule 194, Defendants are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1–12.

## XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. Pawlowski herein prays that, upon final hearing of the case, he recover actual damages, consequential damages, statutory interest, mental anguish and treble/exemplary damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Mr. Pawlowski be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Pawlowski may show himself to be justly entitled.

Respectfully submitted,

*/s/Andrew D. Spadoni*
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT B-1**